[No. D005940. Fourth Dist., Div. One. July 26, 1988.]

In re the Marriage of KATHRYN M. and STEPHEN G. BANKOVICH.
KATHRYN M. BANKOVICH, Appellant, v.
STEPHEN G. BANKOVICH, Respondent.

COUNSEL

Ravreby & Shaner and Richard R. Ravreby for Appellant.

Ramon D. Asedo for Respondent

OPINION

**WORK, J.**—Kathryn M. Bankovich appeals that portion of a judgment of dissolution which orders her to reimburse her husband, Stephen G. Banko-

vich, for his separate property contribution to their former residence under application of Civil Code section 4800.2.[1] This section states a party is entitled to reimbursement for separate property contributions toward acquisition of community assets unless the contributing party has executed a written waiver. Effective January 1, 1987, the Legislature amended section 4800.1 to include a statement that section 4800.2 applies to cases involving property acquired before the enactment of section 4800.2. ■■■ Applying binding case precedent, we find this amendment would unconstitutionally deprive persons of vested property rights without due process of law. Accordingly, we reverse that portion of the judgment.

## I

In 1980, during their marriage, Kathryn and Stephen purchased a home for which Stephen used $22,800 of his separate inheritance as a down payment. There was no agreement Stephen's contribution was to remain separate and title was taken in their names as joint tenants.

After filing for dissolution, the parties sold the house and received $18,468.05, which the court traced to Stephen's separate property. Kathryn was ordered to reimburse Stephen in that amount, pursuant to the directions of section 4800.2.

## II

Before the 1983 enactment of section 4800.2, separate property contributions to community assets were deemed gifts to the community absent an agreement to the contrary. (*In re Marriage of Lucas* (1980) 27 Cal.3d 808, 816 [166 Cal.Rptr. 853, 614 P.2d 285].) Section 4800.2 provides: "In the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. The amount reimbursed shall be without interest or adjustment for change in monetary values and shall not exceed the net value of the property at the time of the division. As used in this section, 'contributions to the acquisition of the property' include downpayments, payments for improvements, and payments that reduce the principal of a loan used to finance the purchase or improvement of the property but do not include payments of interest on the loan or payments made for maintenance, insurance, or taxation of the property."

---

[1] All statutory references are to the Civil Code.

The Legislature intended to apply section 4800.2 to all dissolution actions filed after January 1, 1984, and to all actions filed before January 1, 1984, which were not final as of that date. (Stats. 1983, ch. 342, § 4.) However, in *In re Marriage of Buol* (1985) 39 Cal.3d 751, 756 [218 Cal.Rptr. 31, 705 P.2d 354], our Supreme Court held the retroactive application of section 4800.1, a companion measure to 4800.2, unconstitutional. Section 4800.1 required written proof that property taken in joint tenancy is separate property to overcome the community property presumption. The court concluded applying this statute retroactively impaired vested property rights without due process of law. (*Ibid.*)

Later, the Supreme Court applied the reasoning of *Buol* to hold the retroactive application of section 4800.2 unconstitutional as an impairment of vested property rights without due process of law in *In re Marriage of Fabian* (1986) 41 Cal.3d 440 [224 Cal.Rptr. 333, 715 P.2d 253]. In *Fabian*, husband, while married, invested separate property in a community asset. Because he failed to prove a *Lucas* agreement, he was presumed to have made a gift of his separate property to the community. While husband's appeal was pending, the Legislature enacted section 4800.2. The court refused to apply section 4800.2 and stated: "In the interest of finality, uniformity and predictability, retroactivity of marital property statutes should be reserved for those rare instances when such disruption is necessary to promote a significantly important state interest." (*Id.* at p. 450.)

After reviewing the legislative history of the section, the court determined retroactive application would not significantly advance the state's interest in the "equitable dissolution of the marital partnership" and would substantially disrupt property rights. (*Id.* at p. 449.) The court also noted the prior law under *Lucas* was not inherently unfair because the contributing party could extract an agreement to keep the property separate. (*Id.* at p. 449.) Finally, the court expressly limited *Fabian*'s holding to those cases pending January 1, 1984,[2] the statute's effective date, leaving the issue of whether section 4800.2 could be constitutionally applied to vested property interests acquired before January 1, 1984, where dissolution actions are filed later. (*Id.* at p. 451, fn. 12.)

Shortly after the decision in *Fabian,* the Legislature attempted to remedy the constitutional defect by enacting urgency legislation mandating sections 4800.1 and 4800.2 be applied to actions filed on or after January 1, 1984, regardless of the date the subject property was acquired. (Stats. 1986, ch. 49, § 1, No. 3 West's Cal. Legis. Service, p. 31; No. 2 Deering's Adv. Legis.

---

[2] The Bankovich dissolution petition was filed after January 1, 1984.

Service, pp. 32-33.)[3] The Legislature declared there was confusion among family law judges and lawyers as to what law governs in a heavily litigated area affecting important property rights. (Stats. 1986, ch. 49, § 1, No. 3 West's Cal. Legis. Service, p. 31; No. 2 Deering's Adv. Legis. Service, pp. 32-33.) However, when squarely faced with the issue, appellate courts have held section 4800.2 may not be constitutionally applied in actions involving property acquired before the effective date of the statute. (*In re Marriage of Griffis* (1986) 187 Cal.App.3d 156 [231 Cal.Rptr. 510]; *In re Marriage of Hopkins & Axene* (1987) 199 Cal.App.3d 288, 293 [245 Cal.Rptr. 433].)

In *In re Marriage of Griffis, supra,* 187 Cal.App.3d 156, the trial court ordered the husband be reimbursed for his separate property contribution to the improvement of a community asset acquired and improved before 1984 where dissolution proceedings were commenced in May 1984, triggering section 4800.2 under the new legislation. The court refused to apply section 4800.2 and held the urgency legislation did not remedy the unconstitutionality of section 4800.2 as applied to property acquired before January 1, 1984. (*Id.* at pp. 158-159.) Relying on language in *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 591 [128 Cal.Rptr. 427, 546 P.2d 1371], the court concluded wife's property right vested on the date of acquisition: " 'The status of property as community or separate is normally determined at the time of its acquisition.' [Citations.] Since there was no agreement to the contrary, that property became community property as soon as it was acquired pursuant to the *Lucas* presumption. Moreover, since there is no

---

[3] The urgency legislation provides as follows: "SECTION 1. Section 4 of Chapter 342 of the Statutes of 1983 is amended to read:

"Sec. 4. This act applies to proceedings commenced on or after January 1, 1984, regardless of the date of acquisition of property subject to the proceedings or the date of any agreement affecting the property.

"Sec. 2. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

"Sections 4800.1 and 4800.2 of the Civil Code were enacted by Chapter 342 of the Statutes of 1983 and applied immediately to all family law proceedings not yet final on January 1, 1984, its effective date, in order to cure a serious problem in the law governing division of assets at dissolution of marriage (See Report of Senate Committee on Judiciary on Assembly Bill 26, 83 Senate Journal 4865, July 14, 1983). The Supreme Court in In re Marriage of Buol, 39 Cal.3d 751, 705 P.2d 354, 218 Cal.Rptr. 31 (1985), held that this legislation cannot be applied to pending litigation in some circumstances, but the precise scope of the decision is unclear.

"The Buol decision has caused confusion among family law judges and lawyers as to what law governs in a heavily litigated area in which important property rights are affected. The decision also frustrates the intent of the Legislature to correct a serious problem in the law that is causing inequitable treatment of many parties.

"This act is intended to resolve the confusion caused by *Buol* and to reaffirm the need for immediately applicable legislation, to the extent constitutionally permissible, in order to assure all litigants of equitable treatment upon dissolution of marriage. Any further delay will accentuate unreasonably the current confusion and problems in this area of the law."

evidence the property rights of wife were subject to a condition precedent, they became vested property rights at the time of acquisition. . . .

"If a property right vests before the enactment of a statute, such a right may not be altered except in those rare instances where it is necessary to promote a significantly important state interest." (*In re Marriage of Griffis, supra,* 187 Cal.App.3d at pp. 165-166.) The court then accepted the Supreme Court's determination there was no state interest significant enough to justify impairing vested property rights, despite legislative expressions to the contrary. "We must presume the Supreme Court considered every possible state interest in *Buol* and *Fabian,* including those stated by the Legislature in the new law." (*In re Marriage of Griffis, supra,* 187 Cal.App.3d at p. 167; accord *In re Marriage of Hopkins & Axene, supra,* 199 Cal.App.3d at p. 293.)

In August 1986, the Legislature again amended section 4800.1, this time including a codified and more specific declaration of legislative intent within the urgency measure. As amended, section 4800.1 reads in relevant part: "(a) The Legislature hereby finds and declares as follows:

"(1) It is the public policy of this state to provide uniformly and consistently for the standard of proof in establishing the character of property acquired by spouses during marriage in joint title form, and for the allocation of community and separate interests in that property between the spouses.

"(2) The methods provided by case and statutory law have not resulted in consistency in the treatment of spouses' interests in property which they hold in joint title, but rather, have created confusion as to which law applies at a particular point in time to property, depending on the form of title, and, as a result, spouses cannot have reliable expectations as to the characterization of their property and the allocation of the interests therein, and attorneys cannot reliably advise their clients regarding applicable law.

"(3) Therefore, the Legislature finds that a *compelling state interest exists to provide for uniform treatment of property*; thus the Legislature intends that the forms of this section and Section 4800.2, operative on January 1, 1987, shall apply to all property held in joint title regardless of the date of acquisition of the property or the date of any agreement affecting the character of the property, and that that form of this section and that form of Section 4800.2 are applicable in all proceedings commenced *on or after January 1, 1984*. However, the form of this section and the form of Section 4800.2 operative on January 1, 1987, are not applicable to property settlement agreements executed prior to January 1, 1987, or proceedings in

which judgments were rendered prior to January 1, 1987, regardless of whether those judgments have become final." (Italics added.) Because the judgment in this case was rendered February 20, 1987, amended section 4800.1 is facially applicable.

Within the narrow factual context of this case, we conclude this second legislative attempt to overcome judicial case-precedent and constitutional scrutiny, by declaring "uniformity" a purportedly significant state interest warranting retroactive application of sections 4800.1 and 4800.2, is also unsuccessful. Although the legislation more precisely states the legislative intent and pronounces a perceived compelling state interest purporting to justify retroactive application, on analysis it suffers the same fate of its predecessor as to property acquired before January 1, 1984. ■ Where it has been firmly established by the courts these provisions cannot be applied to property rights acquired before January 1, 1984, the constitutional defect cannot be erased by mere legislative pronouncement. As amplified in *In re Marriage of Griffis, supra,* 187 Cal.App.3d at pages 166-167, an after-the-fact legislative declaration of intent challenging Supreme Court precedent, by merely disagreeing with the judicial declaration as to constitutionality without defining a state interest sufficiently compelling to justify interference with vested property rights in addition to those already considered and rejected by the courts, cannot itself create a compelling state interest.

However, the new legislation does adequately address one concern expressed in *In re Marriage of Buol, supra,* 39 Cal.3d at page 762. There, the court recognized retroactive application of the writing requirement within section 4800.1 would not advance the goal of insuring equitable division of community property partially because that requirement only applied to joint tenancy property and thus failed to achieve uniformity in the division of all marital property. In response, the Legislature's urgency legislation states it intends to establish a uniform standard of proof to establish the character of property acquired by spouses during marriage in joint title form by applying section 4800.1 to all joint title acquisitions. Having so declared, the section then announces the Legislature finds there is a compelling state interest in providing such uniform treatment of property. By making section 4800.1 applicable to all joint title acquisitions the Legislature has directly confronted the *Buol* criticism that the previous statute had failed to provide uniformity for the division of marital property.

■ Casting aside the fact this concern for uniformity was not expressly relied on by the Supreme Court in *Fabian* in reaching its determination regarding section 4800.2, we conclude the legislative declaration of compelling state interest in uniformly treating all types of community property titled in joint tenancy, standing alone, is insufficient to warrant retroactive

application to vested rights in property acquired before January 1, 1984, for the same considerations originally set forth in *In re Marriage of Bouquet, supra,* 16 Cal.3d at page 592, and summarized and applied in *In re Marriage of Fabian, supra,* 41 Cal.3d at pages 448-451. In other words, although the Legislature has responded to the *Buol* criticism regarding uniformity by making the statute applicable to all types of joint title acquisitions, it fails to overcome the constitutional flaws discussed in *Fabian.* There, the court's decision was primarily based on the absence of a "rank injustice" within the former law rendering retroactivity wholly unnecessary, the disruptive effect of retroactive application upon the reasonable and legitimate expectations of all affected parties, and the failure of retroactivity to advance the state's interest in equitable dissolution of the marital partnership. Although the uniform treatment of property is a laudable goal, its advancement alone does not justify disrupting vested property rights acquired under the previous settled law.

Accordingly, the trial court erroneously applied section 4800.2 in the division of property. The house should be treated as a community asset, subject to equal division between the parties.

## Disposition

That portion of the judgment pertaining to the division of the sale proceeds of the former residence is reversed and the matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

Kremer, P. J., and Benke, J., concurred.