[No. F009271. Fifth Dist. Sept. 16, 1988.]

In re the Marriage of SUSAN CATHERINE and PAUL WAYNE LOCKMAN.
SUSAN CATHERINE LOCKMAN, Appellant, v.
PAUL WAYNE LOCKMAN, Respondent.

COUNSEL

Steven G. Mikelich for Appellant.

Hendrickson & Page and Adele Hendrickson for Respondent.

OPINION

FRANSON, P. J.—

### STATEMENT OF THE CASE

Susan Catherine Lockman (wife) filed a petition for dissolution of her marriage to Paul Lockman (husband) on October 1, 1985. The case was tried on December 8 and 23, 1986, and, following additional briefing, was decided by tentative decision on May 29, 1987, and final order on July 24, 1987.

At issue in this appeal is the court's application of Civil Code section 4800.2,[1] as amended effective January 1, 1987, to the disposition of the parties' residence. Pursuant to this section, the court held that husband is

---

[1] All statutory references are to the Civil Code unless otherwise indicated.

entitled to reimbursement in the sum of $20,000 for his separate contribution to the acquisition of that asset.

## STATEMENT OF FACTS

The parties were married November 28, 1980. At that time, husband owned a house located in Los Osos, California. Although both parties lived in this house following their marriage, title to the property remained in husband's name alone.

The Los Osos property was sold in August 1981. From the proceeds of this sale, $20,000 was used for the downpayment on a house located in Sonora, California. The escrow for the purchase of this house closed in January 1982, and title was taken by husband and wife as joint tenants.

There was a conflict in the evidence with respect to the character of the Sonora house. Wife testified she believed there was an agreement the house was entirely community property whereas husband testified he believed he had a separate property interest in that property.

## DISCUSSION

■ *It is unconstitutional to apply section 4800.2 to property acquired before January 1, 1984, where the judgment is rendered after January 1, 1987.*

In 1983, the Legislature added section 4800.2 which abolished the long-standing rule that separate property contributions to community assets were presumed gifts to the community in the absence of a contrary agreement or understanding. (*In re Marriage of Hopkins & Axene* (1987) 199 Cal.App.3d 288, 290 [245 Cal.Rptr. 433].) That section provides that "[i]n the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. . . ." Thus, although before January 1, 1984, an agreement was needed to preserve a separate property interest in funds contributed to the acquisition of a community asset, under the new law, "the tables are turned so that the separate property interest is now *preserved* unless the right to reimbursement is waived in writing." (*In re Marriage of Fabian* (1986) 41 Cal.3d 440, 450 [224 Cal.Rptr. 333, 715 P.2d 253].)

When initially enacted, the Legislature provided that section 4800.2 and its companion, section 4800.1, applied to "(a) Proceedings commenced on

or after January 1, 1984" and "(b) Proceedings commenced before January 1, 1984, to the extent proceedings as to the division of the property are not yet final on January 1, 1984." (Stats. 1983, ch. 342, § 4.) However, despite this statement of legislative intent, our Supreme Court held in *In re Marriage of Buol* (1985) 39 Cal.3d 751, 757 [218 Cal.Rptr. 31, 705 P.2d 354], that the retroactive application of section 4800.1, which required a written agreement to rebut the presumption that property taken in joint tenancy during marriage was community property, unconstitutionally impaired a vested property right without due process of law. Shortly thereafter, the Supreme Court similarly held in *In re Marriage of Fabian, supra,* 41 Cal.3d 440, that the application of section 4800.2 to actions pending on January 1, 1984, unconstitutionally impaired vested property interests without due process of law. (*Id.* at p. 451.)

The *Fabian* court noted that impairment of a vested property interest, alone, does not invalidate retroactive application of a statutory measure. Impairment of a vested right may be justified by " ' "the significance of the state interest served by the law, the importance of the retroactive application of the law to the effectuation of that interest, the extent of reliance upon the former law, the legitimacy of that reliance, the extent of actions taken on the basis of that reliance, and the extent to which the retroactive application of the new law would disrupt those actions." ' " (41 Cal.3d at p. 448.) However, after considering these factors, the court determined that the retroactive application of section 4800.2 would violate "the parties' legitimate expectations while failing to advance the state interest in equitable dissolution of the marital partnership." (41 Cal.3d at p. 451.) The court held that the Legislature's perceived need for reform did not represent a sufficiently significant state interest in that there was no " 'rank injustice' " in the former law which compelled retroactivity. (*Id.* at pp. 448-449.) The court further found that the appellant's reliance on the former law was legitimate and that it was "difficult to imagine greater disruption than retroactive application of an about-face in the law, which directly alters substantial property rights, to parties who are completely incapable of complying with the dictates of the new law." (*Id.* at p. 450.)

Shortly after *In re Marriage of Fabian* was decided, the Legislature enacted urgency legislation effective April 10, 1986, providing that sections 4800.1 and 4800.2 applied "to proceedings commenced on or after January 1, 1984, regardless of the date of acquisition of property subject to the proceedings or the date of any agreement affecting the property." (Stats. 1986, ch. 49, § 1; *In re Marriage of Griffis* (1986) 187 Cal.App.3d 156, 164 [231 Cal.Rptr. 510].) "The statute states that this is necessary to preserve the public peace, health, and safety (within the meaning of art. IV of the

Const.) by curing a serious problem of inequitable property division at dissolution of a marriage." (*Ibid.*)

*In re Marriage of Griffis* considered the application of this urgency legislation where the dissolution action was filed after January 1, 1984, but the property was acquired before that date. Bound by the Supreme Court's determination in *In re Marriage of Buol, supra,* 39 Cal.3d 751 and *In re Marriage of Fabian, supra,* 41 Cal.3d 440, that the legislative purpose underlying sections 4800.1 and 4800.2 was not sufficiently compelling to justify the impairment of a vested property right, the *Griffis* court held applying section 4800.2 to any property acquired before January 1, 1984, is unconstitutional, regardless of when the dissolution action was filed. (*In re Marriage of Hopkins & Axene, supra,* 199 Cal.App.3d 288, 293.) The *Griffis* court noted that since " '[t]he status of property as community or separate is normally determined at the time of its acquisition,' " and the property under dispute was acquired at a time when the presumption existed that separate property contributions to community assets were gifts to the community, the property became community property as soon as it was acquired. (187 Cal.App.3d at p. 165.) Thus, the parties' respective property rights vested before the enactment of the statute. (*Id.* at p. 166.)

In August 1986, the Legislature again amended section 4800.1 and included a codification of a statement of legislative intent that the forms of sections 4800.1 and 4800.2 operative on January 1, 1987: "shall apply to all property held in joint title regardless of the date of acquisition of the property or the date of any agreement affecting the character of the property, and that that form of this section and that form of Section 4800.2 are applicable in all proceedings commenced on or after January 1, 1984. However, the form of this section and the form of Section 4800.2 operative on January 1, 1987, are not applicable to property settlement agreements executed prior to January 1, 1987, or proceedings in which judgments were rendered prior to January 1, 1987, regardless of whether those judgments have become final." (§ 4800.1, subd. (a)(3).) Thus, through this enactment, the Legislature has once more attempted to subject property acquired before January 1, 1984, to section 4800.2, a result which was held unconstitutional in *Griffis*. What distinguishes this amendment from the legislation considered in *Griffis* is the exception for property settlements and judgments executed or rendered before January 1, 1987. However, this exception does not prevent vested property rights from being impaired by the retroactive application of section 4800.2 where, as here, the property was acquired before January 1, 1984, but the judgment dividing the property was rendered after January 1, 1987. Therefore, it must be decided whether the retroactive application of this amendment is necessary to advance a sufficiently important state interest.

This amendment includes a detailed explanation concerning why the Legislature believes these sections should be retroactively applied. The Law Revision Commission comment states that the rules embodied in sections 4800.1 and 4800.2 are "necessary to remedy the rank injustice in former law" and that "Apart from correction of the rank injustice of former law and furtherance of social policy that immediate application of Sections 4800.1 and 4800.2 seeks to achieve, failure to apply the corrective rules to all litigation commenced after their effective date will result in unequal treatment of parties and will preserve two different bodies of law for many years to come, whose application will depend upon such factors as the time of acquisition of property and the time of an alleged oral agreement. In the interest of equality and for the purpose of having available to the public a manageable and understandable body of family law, the Legislature finds that application of the legislation to all cases commenced on or after January 1, 1984, serves important public policies." (Stats. 1986, ch. 539, § 1.)

However, despite the Legislature's proclamation that sections 4800.1 and 4800.2 correct a "rank injustice" in the former law, this court is bound by the Supreme Court's holdings in *In re Marriage of Boul* and *In re Marriage of Fabian* that such a "rank injustice" is lacking. (*In re Marriage of Griffis, supra,* 187 Cal.App.3d 156, 166.) Therefore, the determination of the constitutional validity of this recent amendment turns on whether the stated interest of having a single manageable and understandable body of law provides a sufficient basis for impairing vested property rights.

In *In re Marriage of Griffis, supra,* this court found that the Legislature's concern with the confusion caused by the nonretroactive application of sections 4800.1 and 4800.2 and the frustration of legislative intent did not provide a sufficient basis for impairing vested property rights. (*Id.* at p. 167.) Similarly, here, the specter of two separate bodies of law, the application of which will depend upon the date of the acquisition of the property in dispute, is not so ominous as to justify impairing vested property rights.

Since in this case the trial court applied section 4800.2 to property acquired before January 1, 1984, it must be reversed and remanded. The court's award to husband of his separate property contribution to the Sonora house, without a finding that the parties agreed to preserve a separate property interest, impaired wife's vested property interests without due process of law.

The judgment is reversed, and the matter is remanded to the trial court for further proceedings according to law. Appellant to have her costs on appeal.

Woolpert, J., and Ardaiz, J., concurred.