[No. A046630. First Dist., Div. Four. Apr. 13, 1990.]

In re the Marriage of VICKI C. and THOMAS CRAIG.
VICKI C. CRAIG, Respondent, v.
THOMAS CRAIG, Appellant.

**COUNSEL**

Robert G. Bernstein for Appellant.

Goodman, Herbert & Lucas and Garrison C. Rees, Jr., for Respondent.

**OPINION**

**PERLEY, J.**—Thomas Craig seeks reversal of that portion of a dissolution judgment denying him reimbursement for a separate property contribution to the purchase of the parties' former Washington State residence. We affirm.

### I. FACTS

On September 13, 1979, appellant (husband) and his wife, Vicki C. Craig (wife) purchased a single family residence in Kirkland, Washington. Husband made a separate property contribution of $5,853.40 toward the down payment. The record does not indicate the existence of any writing waiving reimbursement or describing appellant's expenditure as a gift. The parties resided in Washington at least through December, 1983 before eventually moving to California and settling in Solano County, where they lived together until separating in the autumn of 1987. Wife filed for dissolution in November 1987 and the matter came to trial in March 1989. Prior to trial, the parties sold their former Washington residence and equally divided the proceeds.

 Citing in *In re Marriage of Bankovich* (1988) 203 Cal.App.3d 49 [249 Cal.Rptr. 713], the trial court denied husband's request for reimbursement of his down payment on the Washington property because the proper-

ty was acquired before the California statute providing for reimbursement became effective.

## II. DISCUSSION

Civil Code section 4800.2,[1] effective January 1, 1984, provides in relevant part that: "In the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source." Prior to the enactment of section 4800.2, absent an agreement to the contrary, separate property contributions to community assets were presumed to be gifts to the community. (*In re Marriage of Lucas* (1980) 27 Cal.3d 808, 816 [166 Cal.Rptr. 853, 614 P.2d 285].) The Legislature passed section 4800.2 to reverse that presumption and intended the measure to be retroactive. (*In re Marriage of Bankovich, supra*, 203 Cal.App.3d at p. 52.)

*In re Marriage of Fabian* (1986) 41 Cal.3d 440, 442-443, 451 [224 Cal.Rptr. 333, 715 P.2d 253], however, held that retroactive application of section 4800.2 to cases pending on January 1, 1984, would violate due process. (See also *In re Marriage of Hopkins & Axene* (1987) 199 Cal.App.3d 288, 292-293 [245 Cal.Rptr. 433]; and *In re Marriage of Griffis* (1986) 187 Cal.App.3d 156, 162 [231 Cal.Rptr. 510].) The Legislature responded by declaring its intent that section 4800.2 apply to all judgments filed after January 1, 1987. (§ 4800.1, subd. (a)(3).) Notwithstanding this declaration of legislative intent, a number of cases involving judgments rendered after January 1, 1987, have followed the reasoning of *Fabian* and refused to apply section 4800.2 retroactively to property acquired before its effective date. (See *In re Marriage of Cairo* (1988) 204 Cal.App.3d 1255, 1265-1266 [251 Cal.Rptr. 731]; *In re Marriage of Lockman* (1988) 204 Cal.App.3d 782, 786-787 [251 Cal.Rptr. 434]; *In re Marriage of Bankovich, supra*, 203 Cal.App.3d at pp. 55-56.)

Husband contends that all of these cases are distinguishable because they appear to have involved community property[2] rather than quasi-community property.[3] He notes that reliance on the former California law was among

---

[1] All further statutory references are to the Civil Code.

[2] It is unclear whether the separate property contribution in *Bankovich* was made toward a community or quasi-community asset. The opinion states only that the parties purchased a home during their marriage using the husband's separate property as a down payment. (*In re Marriage of Bankovich, supra*, 203 Cal.App.3d at p. 51.)

[3] The parties do not dispute that their former Washington residence should be viewed as quasi-community property (see § 4803), and wife does not contend that the issue of husband's reimbursement is moot by virtue of their pretrial sale of the property.

the factors cited in *Fabian* as militating against the retroactive application of section 4800.2,[4] and that such reliance was absent here because his separate property contribution was made toward an out-of-state property while the parties were living out of state.

We do not believe, however, that a different rule of retroactivity should be applied in the case of quasi-community property.

California's marital property laws are designed to provide for uniform treatment of quasi-community and community property when the parties have changed their domicile to this state and seek to legally alter their marital status in a California court. This intent is apparent from statutes such as section 4800 (equal division of "community estate" consisting of community and quasi-community property) and section 4800.5 (power to order conveyances of out-of-state property). (See also Hogoboom & King, Cal. Practice Guide: Family Law 1 (Rutter 1989) § 8:139 rev. #1 1989 ["Under (Civil Code) § 4800, quasi-community property is divided exactly as if it were true community property"].) This aim is also apparent from the legislative histories of the quasi-community property laws. (See 9 Cal. Law Revision Com. Rep. (June 1969) p. 120 [expanding definition of quasi-community property to insure that division of marital property upon dissolution "will not be controlled by the fortuity of when or where the property was initially acquired"]; and 3 Cal. Law Revision Com. Rep. (Oct. 1960) p. I-7 ["[t]here is no reason why California should treat quasi-community property differently from community property on divorce"].) The result husband seeks would undermine the uniformity the quasi-community property laws were enacted to establish.

Actual reliance on the prior law was not the only factor cited by *Fabian* against retroactive application of section 4800.2. The opinion conceded that the extent of the wife's reliance on former law was "difficult to pinpoint." (*In re Marriage of Fabian, supra*, 41 Cal.3d at p. 449.) The court then noted that "[i]n the interest of finality, uniformity and predictability, retroactivity of marital property statutes should be reserved for those rare instances when such disruption is necessary to promote a significantly important state interest." (*Id.*, at p. 450.) According to *Fabian* and its progeny, there is no

---

[4]*Fabian* indicated that the following factors are to be considered in determining whether a statute impairs vested property interests without due process: " ' "[T]he significance of the state interest served by the law, the importance of the retroactive application of the law to the effectuation of that interest, the extent of reliance upon the former law, the legitimacy of that reliance, the extent of actions taken on the basis of that reliance, and the extent to which retroactive application of the new law would disrupt those actions." ' " (*In re Marriage of Fabian, supra*, 41 Cal.3d at p. 448 [quoting *In re Marriage of Buol* (1985) 39 Cal.3d 751, 761 (218 Cal.Rptr. 31, 705 P.2d 354)].)

"important state interest" to justify retroactivity of the reimbursement provision.

California has no more significant interest in making the reimbursement statute retroactive with respect to quasi-community property than it does with respect to community property. The rule in each case should be the same. Since the residence was acquired before January 1, 1984, husband's claim for reimbursement must be rejected.

## III. CONCLUSION

The judgment of dissolution is affirmed. Respondent's request for sanctions is denied.

Anderson, P. J., and Poché, J., concurred.